```
              UNITED STATES DISTRICT COURT
                       FOR THE
                 DISTRICT OF VERMONT

Jose Grullon,                  :
         Petitioner,           :
                               :
         v.                    :    File No. 1:05-CR-73
                               :
United States of               :
America,                       :
         Respondent.           :
```

<u>MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION</u>
(Paper 55)

Petitioner Jose Grullon, proceeding *pro se*, has filed a motion for a sentence adjustment.  Grullon was sentenced in this Court on February 1, 2006 to 60 months in prison for a drug-related offense.  He now seeks an adjustment to his sentence, claiming that his status as a deportable alien renders him ineligible for certain prison programs.  Those programs include a drug abuse program in which he would be able to receive rewards, and a potential half-way house release.  He argues that because his sentence is effectively harsher than those served by inmates who are United States citizens, he is entitled to a sentence reduction.

At the outset, the Court notes that there is no statutory basis for granting Grullon his requested relief. Rule 35(a) requires that a motion to correct a sentence be filed within 7 days after sentencing, while Rule 35(b)

allows for a downward departure on a motion filed by the government.  Fed. R. Crim. P. 35.  Neither is applicable in this case.  Furthermore, a petition under § 2255 "is equally not cognizable because the issue raised by [the petitioner] does not rise to a constitutional violation or miscarriage of justice."  Rojas v. United States, 2008 WL 495502, at *1 (W.D.N.Y. Feb. 20, 2008) (rejecting nearly identical claim and declining to construe motion as brought under § 2255) (citing Hernandez v. United States, 28 F. Supp. 2d 118, 125 (S.D.N.Y. 2003)).[1]

Even if the Court were to consider Grullon's petition on its merits, he would not be entitled to a sentence adjustment.  The lone authority cited in his motion, United States v. Restrepo, 802 F. Supp. 781 (E.D.N.Y. 1992), was reversed on appeal by the Second Circuit.  See United States v. Restrepo, 999 F.2d 640, 644-47 (2d Cir.), cert. denied, 510 U.S. 954 (1993).  In Restrepo, the district court granted a downward departure based, in part, on the fact that the petitioner's status as a deportable alien rendered him ineligible (a) to serve his sentence in a minimum security prison, and (b) to serve the last part of his

---

[1]  Because a § 2255 filing is not cognizable, the Court should not construe Grullon's motion as a petition for habeas corpus relief.

sentence at a half-way house.  Id. at 642-43.  The Second Circuit vacated the sentence, finding that the Bureau of Prisons enjoyed wide discretion with respect to conditions of confinement, and that the district court's considerations were "an inappropriate basis for departure."  Id. at 645-46.

In the absence of any clear authority to the contrary, and given the factual similarities between this case and Restrepo, the Restrepo decision dictates the outcome.  See, e.g., Rojas, 2008 WL 495502, at *1 (collecting cases); Hernandez, 280 F. Supp. 2d at 125.  Accordingly, even if the Court had a statutory basis for considering Grullon's motion for a sentence adjustment, his motion would lack legal merit.

For the reasons set forth above, I recommend that Grullon's motion for a sentence adjustment (Paper 55) be DENIED.

Dated at Burlington, in the District of Vermont, this 7th day of April, 2008.

/s/ Jerome J. Niedermeier
Jerome J. Niedermeier
United States Magistrate Judge


Any party may object to this Report and Recommendation within 10 days after service by filing with the clerk of the

court and serving on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  Failure to file objections within the specified time waives the right to appeal the District Court's order. See Local Rules 72.1, 72.3, 73.1; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b), 6(a) and 6(e).